UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMADEO SANCHEZ, | Case No. 3:15-cv-00144-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| THE STATE OF NEVADA, et al., | |
| Defendants. | |

**I.    DISCUSSION**

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an individual who was in the custody of the Nevada Department of Corrections at the time he initiated this case. At the outset of this case, Plaintiff submitted an application to proceed *in forma pauperis* for prisoners. (ECF. No. 1). In its October 27, 2015, screening order, the Court deferred a decision on the application to proceed *in forma pauperis*. (ECF. No. 6 at 8). The screening order also imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (*Id.*). The Court subsequently rescheduled the mediation for Tuesday, March 1, 2016. (ECF. No. 12).

**A) Appearance**

The screening order directed the Attorney General's Office to enter a limited notice of appearance on behalf of defendants for settlement purposes and noted that

"[n]o defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance." (ECF. No. 6 at 9). The screening order stated that if the parties chose to proceed with the action at the end of the 90-day stay, the Court would "issue an order setting a date for defendants to file an answer or other response." (*Id.*).

On November 17, 2015, the Attorney General's Office entered a limited notice of appearance. (ECF. No. 7). The parties later engaged in informal settlement discussions. (*See* ECF. No. 16). On March 4, 2016, the Attorney General's Office filed a status report indicating that settlement has not been reached and informing the Court of its intent to proceed with this action. (ECF. No. 17). Before the Court could enter an order directing the Clerk's Office to serve the defendants, defendants Adams, Baker, and Cox filed a motion to dismiss.[1] (ECF. No. 22).

By reason of defendants filing a motion to dismiss, defendants Adams, Baker, and Cox have waived any arguments regarding a defect in service or personal jurisdiction. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) *amended*, 807 F.2d 1514 (9th Cir. 1987) (holding that "[a] general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction); *see also* Fed. R. Civ. P. 12(h)(1).

**B) Change of Address**

According to the Nevada Department of Corrections inmate search database, it appears that Plaintiff is no longer incarcerated. Pursuant to Nevada Local Special Rule 2-2, "[t]he plaintiff shall immediately file with the Court written notification of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this Rule may result in dismissal of the action with prejudice."  LSR 2-2

---

[1] Counsel for the moving defendants states in the motion to dismiss that he does not represent defendant Bruffy. (ECF. No. 22 at 7).

At the March 1, 2016, hearing, the courtroom deputy informed Plaintiff that he had to file a written notification of the change of his address. Plaintiff has failed to file any such written notification, though at that time he indicated his new address is 1233 N. Mesa Drive, Apt. 1059, Mesa, AZ 85201. In their motion to dismiss, defendants cite Plaintiff's failure to update his address as grounds for dismissing this action with prejudice.

The Court defers a decision on the motion to dismiss. The Court recognizes, however, that Plaintiff has already been notified of his responsibility to keep the Court apprised of his address. As such, Plaintiff must file his updated address with this Court by April 1, 2016, or this action will be dismissed with prejudice. This action is stayed until further order of the Court to be issued following Plaintiff's compliance or non-compliance with this order.

### C) Non-prisoner *In Forma Pauperis* Application

As Plaintiff is no longer in custody, he must file an application to proceed *in forma pauperis* by a non-prisoner. Plaintiff has until April 1, 2016 to either (1) file a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $400.00. Failure to comply will result in dismissal of this action with prejudice.

**II.    CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* for prisoners (ECF. No. 1) is denied as moot.

It is further ordered that by April 1, 2016, Plaintiff shall file an updated address with this Court or this action will be dismissed.

It is further ordered that by April 1, 2016, Plaintiff shall either: (1) file a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $400.00.

It is further ordered that the Clerk shall SEND a copy of this order, the approved

1  form application to proceed *in forma pauperis* by a non-prisoner, as well as the
2  document entitled information and instructions for filing an *in forma pauperis* application
3  to the address on file for Plaintiff.
4      It is further ordered that this one time, the Clerk shall also SEND a copy of this
5  order, the approved form application to proceed *in forma pauperis* by a non-prisoner, as
6  well as the document entitled information and instructions for filing an *in forma pauperis*
7  application to an additional address: 1233 N. Mesa Drive, Apt. 1059, Mesa, AZ 85201.
8      It is further ordered that this action is stayed pending Plaintiff's compliance or
9  non-compliance with this order. The Court shall issue a subsequent order after April 1,
10 2016.
11     It is further ordered that failure to timely comply with this order will result in the
12 dismissal of this action, with prejudice.
13     It is further ordered that if Plaintiff does timely comply with this order, the District
14 Court shall issue an order lifting the stay and directing the matter to proceed.

17     DATED this 10th day of March, 2016.

*William G. Cobb*
United States Magistrate Judge

- 4 -