UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMADEO SANCHEZ,<br><br>                                      Plaintiff,<br>    v.<br>THE STATE OF NEVADA, et al.,<br>                                      Defendants. | Case No. 3:15-cv-00144-MMD-WGC<br><br>ORDER |

**I.      DISCUSSION**

On March 10, 2016, the Court issued an order directing Plaintiff to file an updated address with the Court or face dismissal. (Dkt. no. 24, 3:22-23.) Plaintiff filed an updated address with the Court on March 11, 2016. (Dkt. no. 25.) The Court also ordered "that by April 1, 2016, Plaintiff shall either: (1) file a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $400.00." (Dkt. no. 24 at 3:24-26.) The Court specifically stated that "failure to timely comply with this order will result in the dismissal of this action, with prejudice." (*Id.* at 4:11-12.)

Plaintiff did not file a complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00. District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with the local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th

Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's order requiring Plaintiff to file a complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00 expressly stated "It is further ordered that failure to timely comply with this order will result in the dismissal of this action, with prejudice." (Dkt. no. 24 at 4:11-12.) Thus, Plaintiff has adequate

warning that dismissal would result from his noncompliance with the Court's order to file a complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00.[1]

## II.   CONCLUSION

For the foregoing reasons, it is ordered that this action is dismissed with prejudice based on Plaintiff's failure to file a complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00 in compliance with this Court's March 10, 2016, order.

It is further ordered that the defendants' motion to dismiss (dkt. no 22) is denied as moot.

The Clerk is directed to close this case.

DATED THIS 13th day of April 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] The Court's order (dkt. no. 24) directing Plaintiff to file a complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00, was sent to Plaintiff's updated address on March 14, 2016. (Dkt. no. 26.)